**COMMONWEALTH OF PENNSYLVANIA,
Appellant,**

v.

**Gregory Frank HORVATH, Appellee.**

Superior Court of Pennsylvania.

Submitted June 11, 2001.

Filed Aug. 7, 2001.

---

Jerry L. Spangler, Asst. Dist. Atty., Somerset, for Commonwealth.

Jerome J. Kaharick, Johnstown, for appellee.

Before JOYCE, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered on January 9, 2001, in the Court of Common Pleas, Somerset County, which precluded the Commonwealth from using Gregory Horvath's prior summary convictions at trial. Upon review, we affirm.

¶ 2 On October 23, 2000, Horvath was convicted at a bench trial of four summary offenses relating to a high-speed automo-

bile chase between Horvath, his friend and the victim. The summary convictions are as follows: disorderly conduct, 18 Pa. C.S.A. § 5503(a)(1); harassment, 18 Pa. C.S.A. § 2709(a)(2); reckless driving, 75 Pa.C.S.A. § 3736(a); and driving at safe speed, 75 Pa.C.S.A. § 3361. At the same trial, Horvath was charged with a misdemeanor offense of reckless endangerment, 18 Pa.C.S.A. § 2705. This charge was submitted to the jury. The jury was deadlocked as to guilt. Thus, a mistrial was entered. On December 11, 2000, Horvath was sentenced on the summary convictions. The Commonwealth elected to retry Horvath on the reckless endangerment charge. The Commonwealth intended to proffer to the jury the summary convictions and sentencing order to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. *See* N.T., Argument, 1/9/2001. Horvath objected. On January 9, 2001, the lower court sustained Horvath's objection. The Commonwealth certified that the order terminated or substantially handicapped the prosecution,[1] and the Commonwealth filed the instant timely appeal.

¶ 3 The Commonwealth presents the following issues for our review:

1. Does the probative value of Appellee's prior convictions outweigh any alleged prejudice to Appellee.
2. Are Appellee's prior convictions relevant evidence to establish the elements of reckless endangerment?

Appellant's Brief, at 3.

¶ 4 Rule 404(b) of Pennsylvania Rules of Evidence provides, in pertinent part, the following:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

(3) Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

Pa.R.E. 404(b).

¶ 5 Prior to the adoption of the Pennsylvania Rules of Evidence in 1998, these principles were embodied in our decisional law.

¶ 6 In *Commonwealth v. Lark*, 518 Pa. 290, 543 A.2d 491 (1988), our Supreme Court summarized the law regarding the admission of prior bad acts as follows:

Evidence of distinct crimes is not admissible against a defendant being prosecuted for another crime *solely* to show his bad character and his propensity for committing criminal acts. *Commonwealth v. Banks*, 513 Pa. 318, 349, 521 A.2d 1, 16 (1987); *Commonwealth v. Morris, supra* [493 Pa. 164] at 175, 425 A.2d [715] at 720 [(1981)]. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character. *Commonwealth v. Claypool*, 508 Pa. 198, 495 A.2d 176 (1985). As recently stated in *Banks:*

---

1. *See Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985), and Pa.R.A.P. 311(d), 904(e).

[T]he general rule prohibiting the admission of evidence of prior crimes nevertheless

allows evidence of other crime be introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

*Commonwealth v. Morris, supra* at 493 Pa. [at] 175 [425 A.2d 715]. This list of "special circumstances" is not exclusive, and the Court has demonstrated it will recognize additional exceptions to the general rule where the probative value of evidence outweighs the tendency to prejudice the jury. *Commonwealth v. Claypool, supra* (evidence of defendant's prior criminal activity is admissible where defendant makes statement about such activity in order to threaten and intimidate victim and where force or threat of force is element of crime for which defendant is prosecuted).

513 Pa. at 350, 521 A.2d at 17. Another "special circumstance" where evidence of other crimes may be relevant and admissible is where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts. *Commonwealth v. Murphy*, 346 Pa.Super. 438, 499 A.2d 1080, 1082 (1985), quoting *Commonwealth v. Williams*, 307 Pa. 134, 148, 160 A. 602, 607 (1932). This special circumstance, sometimes re-

ferred to as the "res gestae" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, i.e., evidence of other criminal acts is admissible "to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." McCormick, *Evidence*, § 190 (1972 2d ed.); *Carter v. United States*, 549 F.2d 77 (8th Cir.1977); *United States v. Weeks*, 716 F.2d 830 (11th Cir.1983); *see also Commonwealth v. Coyle*, 415 Pa. 379, 389–91, 203 A.2d 782, 787 (1964) (evidence of other crimes ... were interwoven with the crimes for which defendant was being prosecuted).

*Lark*, 543 A.2d at 497.

¶ 7 Turning to the specifics of the Commonwealth's appeal, we first note our well-settled standard of review:

[A]n appellate court may reverse a trial court's ruling regarding the admissibility of evidence only upon a showing that the trial court abused its discretion. Because the trial court indicated the reason for its decision ... our scope of review is limited to an examination of the stated reason.

*Commonwealth v. Minerd*, 562 Pa. 46, 54, 753 A.2d 225, 229 (2000) (citations omitted). We must also be mindful that "a discretionary ruling cannot be overturned simply because a reviewing court disagrees with the trial court's conclusion." *Commonwealth v. Cohen*, 529 Pa. 552, 564, 605 A.2d 1212, 1218 (1992) (citation omitted).

¶ 8 The Commonwealth contends that the lower court should have permitted the introduction of the summary convictions into evidence under the "same transaction" exception. The Commonwealth reasons that the reckless endangerment charge arose from the same facts that led to the summary convictions and that the

probative value of the evidence outweighs any prejudicial impact.

¶ 9 In the present case, evidence was presented at trial that Horvath was involved in a high-speed automobile chase on roads that were wet and icy from a recent snowfall. *See* N.T., Trial, 10/23/2000, at 21, 27–34. From this automobile chase, Horvath was charged with four summary offenses and reckless endangerment. The lower court found Horvath guilty of the four summary offenses. We agree with the Commonwealth that the summary convictions and the alleged reckless endangerment action arise from the same transaction. Accordingly, the *evidence* used to convict Horvath in the summary convictions is admissible as *res gestae* in the reckless endangerment trial. However, the lower court found that the summary convictions themselves are not admissible. It reasoned that the high risk of serious prejudice to Horvath outweighed the probative value of the offered evidence. The lower court stated that it "perceived a high risk that the jury would misconstrue the purpose for which the prior convictions were offered, and a likelihood that the jury would accord undue weight to the defendant's prior conduct." Trial Court Opinion, 1/31/2001, at 6. We find that the lower court did not abuse its discretion in making this ruling.

¶ 10 The Commonwealth wanted to offer the summary convictions to establish the *mens rea* required for reckless endangerment. *See* Appellant's Brief, at 12–13.[2] The Commonwealth argues that the summary conviction for reckless driving would establish Horvath's intent and state of mind. However, we agree that this would unduly prejudice Horvath. The jury could infer that because the lower court convict-

ed him of reckless driving, disorderly conduct, harassment and driving at safe speed, he is guilty of reckless endangerment, *i.e.*, "reckless" in reckless driving equates "reckless" in reckless endangerment.

¶ 11 Accordingly, we find that the lower court did not abuse its discretion in refusing to permit the Commonwealth to offer Horvath's previous summary convictions as evidence to prove reckless endangerment. We note that the Commonwealth is permitted to offer the evidence used to convict Horvath of the summary convictions as *res gestae*.

¶ 12 Order affirmed.

---

2. Additionally, the Commonwealth indicated that it wished to read to the jury the lower court's sentencing order on Horvath's summary convictions. *See* N.T., Argument, 1/9/2001, at 4. We fail to see what probative value the sentencing order has and find that such reading would be highly prejudicial to Horvath.