J-S56036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ORRIN FRANCIS STANFORD, | |
| Appellant | No. 2216 MDA 2013 |

Appeal from the Judgment of Sentence October 10, 2013
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001578-2012

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 29, 2014**

Appellant, Orrin Francis Stanford, appeals from the judgment of sentence imposed following his conviction by a jury of possession with intent to deliver (PWID) (heroin), and criminal conspiracy to commit possession of a controlled substance (heroin).  Appellant challenges testimonial evidence of prior bad acts, the sufficiency of the evidence, and the denial of a motion to suppress.  We affirm.

In the early morning hours of February 18, 2012, police assigned to the Lancaster County Drug Task Force stopped the vehicle Appellant was driving (a 1998 Nissan Altima registered in Delaware in the name of his girlfriend/fiancée), in New Providence, PA.  (*See* Trial Court Opinion,

_____

[*] Retired Senior Judge assigned to the Superior Court.

11/19/13, at 1).  The day before, February 17, police had attached a global positioning system (GPS) tracking device to the vehicle, pursuant to 18 Pa.C.S.A. § 5761, mobile tracking devices.  Around 2 PM on the 17th, the police had also supervised and observed a controlled buy from Appellant.  A confidential informant purchased ten bags of heroin for $100 from him, establishing probable cause for the search warrant.

After the stop, the police executed a search warrant on the vehicle, on Appellant's person, his brother Isaiha, and their companion, Timothy Myers. The search uncovered 298 bags of heroin.  Two hundred eighty-five were hidden in a potato chip bag in the pant leg of Appellant's younger brother, Isaiha.[1]  The police also found eighteen grams of marijuana.  Two hundred twenty dollars was found on Appellant.  Eighty dollars of the $220 found on Appellant was pre-recorded currency used in the prior controlled buy in the Nissan Altima by the confidential informant.  (**See.** Trial Ct. Op., at 3 n.2). The police arrested Appellant and the two passengers.

Appellant filed a motion to suppress, which the trial court denied.  The Commonwealth filed a motion to introduce evidence of probable cause buys.[2]  On May 9, 2013, a jury convicted Appellant of possession with intent to deliver heroin and criminal conspiracy to deliver heroin.[3]

_____

[1] Thirteen bags of heroin were found on the other passenger, Myers.

[2] At trial, the Commonwealth introduced evidence of only one controlled buy, shortly before the stop.  (**See** N.T. Trial, 5/08/13, at 5-6, 148-161;
*(Footnote Continued Next Page)*

- 2 -

On October 10, 2013, the court imposed an aggregate sentence of two and one-half to seven years' incarceration, plus a $5,000 fine, with credit for time served. (*See* N.T. Sentencing, 10/10/13, at 19-20; *see also* Trial Ct. Op., at 4). The trial court denied Appellant's post-sentence motion on November 19, 2013, with an order and accompanying opinion. Appellant timely appealed on December 9, 2013 (docketed April 12, 2013).[4]

On appeal, Appellant raises three questions for our review:

> A. [Did the trial] court [err] in allowing testimony of uncharged incidents of drug trafficking as prior bad acts during the trial?
>
> B. Whether the [trial] court erred in determining that the evidence is legally insufficient [sic] to sustain the jury's verdict?
>
> C. [Whether the trial] court erred in denying [Appellant's] [m]otion to [s]uppress [e]vidence relating to the tracking device placed on Appellant's vehicle?

(Appellant's Brief, at 4).[5]

*(Footnote Continued)* _____

Commonwealth's Brief, at 18 n.6). Nevertheless, Appellant maintains that evidence of two drug transactions was admitted, and frames his argument in the plural. (*See* Appellant's Brief, at 8).

[3] The jury acquitted Appellant of possession of marijuana.

[4] Appellant timely filed a statement of errors on January 2, 2014. *See* Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) memorandum opinion on January 6, 2014, referencing its Opinion and Order of November 19, 2013. (*See* Pa.R.A.P. 1925(a) Memorandum of Opinion, 1/06/14); *see also* Pa.R.A.P. 1925(a).

[5] We address Appellant's second question as a challenge to the sufficiency of the evidence despite the obvious typographical error.

Appellant's first issue challenges the trial court's admission of evidence of the confidential informant's prior controlled buy. (**See** Appellant's Brief, at 8-10). Appellant maintains the evidence of another criminal act, for which he was not being prosecuted, prejudiced him, and was not probative of the issues involving the offenses for which he **was** being prosecuted. We disagree.

> When reviewing a claim concerning the admissibility of evidence, and specifically evidence of other crimes or bad acts by a defendant, we note:

> > The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

> **Commonwealth v. Reid**, 571 Pa. 1, 34, 811 A.2d 530, 550 (2002) (citations omitted). An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. **Commonwealth v. Carroll**, 936 A.2d 1148, 1152–53 (Pa. Super. 2007), *appeal denied,* 596 Pa. 752, 947 A.2d 735 (2008). Further, "[a]n abuse of discretion may result where the trial court improperly weighed the probative value of evidence admitted against its potential for prejudicing the defendant." **Commonwealth v. Viera**, 442 Pa. Super. 348, 659 A.2d 1024, 1028, (1995) (citing **Commonwealth v. Wharton**, 530 Pa. 127, 144–46, 607 A.2d 710, 719 (1992)). When a trial court

indicates its reason for its ruling, "our scope of review is limited to an examination of that stated reason." ***Commonwealth v. Strong***, 825 A.2d 658, 665 (Pa. Super. 2003).

Jurisprudence regarding the admission of other crimes and bad acts is as follows:

> Evidence of distinct crimes is not admissible against a defendant being prosecuted for another crime **solely** to show his bad character and his propensity for committing criminal acts [***See*** Pa.R.E. 404(b)(1)]. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character.

***Commonwealth v. Horvath***, 781 A.2d 1243, 1245 (Pa. Super. 2001). These other purposes include, *inter alia,* proving the identity of the person charged with the commission of the crime on trial. ***Commonwealth v. O'Brien***, 836 A.2d 966, 969 (Pa. Super. 2003).

***Commonwealth v. Weakley***, 972 A.2d 1182, 1188-89 (Pa. Super. 2009), *appeal denied sub nom.* ***Commonwealth v. Selenski***, 986 A.2d 150 (Pa. 2009) (emphasis in original). Pennsylvania Rule of Evidence 404(b) provides:

> **(b) Crimes, Wrongs or Other Acts.**
>
> (1) **Prohibited Uses***.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses***.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

(3) **Notice in a Criminal Case**.  In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b).

Here, on review, we conclude that the trial court did not abuse its discretion by admitting evidence of Appellant's participation in a prior controlled buy with a confidential informant.  The trial court reasons that evidence of the prior drug sale was properly admitted to refute Appellant's claim that he was an unknowing participant in the drug conspiracy, merely present in the vehicle, with no knowledge of the presence of controlled substances in the car he was driving, or of the intent of his passengers to distribute the drugs.  (**See** Trial Ct. Op., at 24).

The trial court's reasoning is supported by the trial transcript.  For example, in his closing argument, defense counsel told the jury, in pertinent part:

> Now, again, constructive possession in this case. [Appellant] would have to have known that the drugs were there.  Look at that disposition when he pulled over the vehicle. Look at his statement.  I had no knowledge that the drugs were in that car.
>
> They want to use every other statement, but they don't like to use that statement.  I didn't know about the drugs.  And he couldn't have exercised dominion and control over the drugs.

(N.T. Trial, 5/09/13, at 282).

- 6 -

We conclude the trial court properly admitted evidence of Appellant's prior drug transaction to refute his claim of ignorance about the drugs in his car, or the co-conspirators' intent to sell them. The trial court did not abuse its discretion.

We confine our review to the reasoning provided by the trial court. When a court indicates its reason for its ruling, our scope of review is limited to an examination of that stated reason. *See Weakley*, *supra* at 1189, citing *Strong*, *supra* at 665. Appellant's first claim does not merit relief.

In his second issue, Appellant challenges the sufficiency of the evidence. He does not argue that the Commonwealth failed to prove all the elements of the offenses for which he was convicted. Rather, Appellant disputes the finding of constructive possession of the heroin found on the passengers in the car, and argues that there was no evidence of his participation in a criminal conspiracy. (*See* Appellant's Brief, at 11-13). We disagree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt

by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brooks*, 7 A.3d 852, 856–57 (Pa. Super. 2010) (citations omitted).

To sustain a conviction for PWID, "the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance." *Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa. Super. 2008) (citations omitted). If the contraband is not found on the appellant's person, the Commonwealth must prove that the appellant had constructive possession of the contraband, which has been defined as the "ability and intent to exercise control over the substance." *Commonwealth v. Hutchinson*, 947 A.2d 800, 806 (Pa. Super. 2008) (citations omitted). The Commonwealth may establish constructive possession through the totality of the circumstances. *Commonwealth v. Muniz*, 5 A.3d 345, 349 (Pa. Super. 2010) (citing *Commonwealth v. Thompson*, 779 A.2d 1195, 1199 (Pa. Super. 2001)).

\* \* \*

[T]his Court has found that multiple individuals may have joint control and equal access and thus both may constructively possess the contraband. *Commonwealth v. Sanes*, 955 A.2d 369, 373 (Pa. Super. 2008) (citations omitted).

*Commonwealth v. Estepp*, 17 A.3d 939, 943-45 (Pa. Super. 2011), *appeal dismissed as improvidently granted*, 54 A.3d 22 (Pa. 2012).

Here, Appellant concedes that the Commonwealth can prove possession of a controlled substance by circumstantial evidence. (*See* Appellant's Brief, at 11). Furthermore, Appellant does not dispute that an

intent to maintain conscious dominion may be inferred from the totality of the circumstances. (*See id.* at 12).

Nevertheless, he maintains that he could not be found in constructive possession of heroin not on his person or in a common area of the vehicle, specifically, heroin in the "the pant's [sic] of another person." (*Id.* at 13). Appellant cites no authority for this assertion, and misapprehends controlling case law. *See Estepp*, *supra* at 945 ("[M]ultiple individuals may have joint control and equal access and thus both may constructively possess the contraband.") (citation omitted).

At trial, Lancaster County Drug Task Force Detective Gregory P. Macey, accepted by the court without objection as an expert, testified that drug traffickers frequently trusted younger co-conspirators, including family members, who often had no criminal records or lesser criminal records than their seniors, to hold illicit drugs. (*See* N.T. Trial, 5/09/13, at 234, 241-42). The jury as fact-finder was free to accept this testimony as evidence and infer that Isaiha Stanford's holding of most of the heroin was at the direction and control of his older brother, Appellant. Appellant's issue does not merit relief.

Appellant also challenges the evidence of conspiracy.

> To prove criminal conspiracy, the Commonwealth must show a defendant entered into an agreement to commit or aid in an unlawful act with another person; that he and that person acted with a shared criminal intent; and that an overt act was taken in furtherance of the conspiracy. 18 Pa.C.S.A. § 903. "An explicit or formal agreement to commit crimes can seldom, if

ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Therefore, where the conduct of the parties indicates that they were acting in concert with a corrupt purpose in view, the existence of a criminal conspiracy may properly be inferred. This court has held that the presence of the following non-exclusive list of circumstances when considered together and in the context of the crime may establish proof of a conspiracy: (1) an association between alleged conspirators, (2) knowledge of the commission of the crime, (3) presence at the scene of the crime, and (4) participation in the object of the conspiracy.

Again, the totality of the circumstances taken in the light most favorable to the Commonwealth is sufficient to convict appellant of . . . conspiracy. . . . We have held that an overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

*Commonwealth v. Kinard*, 95 A.3d 279, 293 (Pa. Super. 2014) (case citations and internal quotation marks omitted).

Furthermore, in reviewing sufficiency, we evaluate the entire record and all evidence actually received must be considered. *See Estepp*, *supra* at 944-45; *see also Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (quoting *Commonwealth v. Slocum*, 86 A.3d 272, 275–76 (Pa. Super. 2014).

Accordingly, to evaluate the sufficiency of the evidence for Appellant's conviction of conspiracy, we would properly consider the evidence of his sale of heroin in the controlled buy even if, contrary to fact, it was otherwise inadmissible. In the totality of circumstances, there was ample proof of Appellant's knowing participation in the heroin selling enterprise, and his

constructive possession of the heroin. Appellant's second issue does not merit relief.

Finally, in his third issue, Appellant maintains that the trial court erred in denying his motion to suppress evidence related to the GPS tracking device. (*See* Appellant's Brief, at 14-17). Appellant argues that compliance with 18 Pa.C.S.A. § 5761, mobile tracking devices, is legally insufficient. (*See id.* at 15). Citing *United States v. Jones*, 132 S. Ct. 945, 949 (2012) ("We hold that the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a "search."), he contends that the Commonwealth required a search warrant to install the GPS tracker. (*See id.*). We disagree.

This Court has already decided that even after *Jones*, a GPS device placed onto a vehicle in full compliance with 18 Pa.C.S.A. § 5761, mobile tracking devices, as amended, does not offend the Fourth Amendment of the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution. *See Commonwealth v. Burgos*, 64 A.3d 641, 655 n.20 (Pa. Super. 2013), *appeal denied*, 77 A.3d 635 (Pa. 2013). Appellant's third issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/2014