J-E01001-16

2016 PA Super 168

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ROBERT N. SITLER | |
| Appellee | No. 3051 EDA 2013 |

Appeal from the Order November 1, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000389-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, J., SHOGAN, J., LAZARUS, J., MUNDY, J., OLSON, J., OTT, J., and STABILE, J.

CONCURRING AND DISSENTING OPINION BY LAZARUS, J.:**FILED JULY 26, 2016**

I concur with the majority that the trial court properly granted Sitler's motion *in limine* to exclude evidence of his alcohol consumption prior to the collision and that the trial court prematurely addressed Sitler's *crimen falsi* charges.  I respectfully dissent, however, as to the majority's conclusion that the trial court should permit the introduction of evidence of Sitler's prior vehicular manslaughter conviction.

The majority emphasizes that Sitler's prior conviction for vehicular manslaughter in Alabama is relevant and probative in the instant matter because it involved similar circumstances and could be used to demonstrate that Sitler knew his driving behavior created a substantial risk of death. Both the Commonwealth and the majority rely upon **Commonwealth v. Ross**, 57 A.3d 85 (Pa. Super. 2012) (en banc), in which we stated that

[w]ith a modicum of effort, in most cases it is possible to note some similarities between the accused's prior bad conduct and that alleged in a current case. To preserve the purpose of Rule 404(b)(1), more must be required to establish an exception to the rule—namely a close factual nexus sufficient to demonstrate the connective relevance of the prior bad acts to the crime in question. . . . [T]his Court has warned that prior bad acts may not be admitted for the purpose of inviting the jury to conclude that the defendant is a person "of unsavory character" and thus inclined to have committed the crimes with which he/she is charged. *See, e.g.*, *Commonwealth v. Kjersgaard*, 419 A.2d 502, 505 (1980).

*Ross*, *supra* at 104-05.[1]

_____

[1] I note that the facts of *Ross* involved an attempt to introduce prior bad acts evidence to show a common plan or scheme, rather than to demonstrate knowledge. In that circumstance, the similarity between the acts was extremely significant; to show a common scheme or plan, the perpetrator's acts must be so similar that they are "earmark[ed] as the handiwork of the accused. *[M]uch more is demanded than the mere repeated commission of crimes of the same class[.] . . . The [crime must be so] distinctive as to be like a signature*." *Ross*, *supra* at 102 (citation omitted) (emphasis in original). Thus, the prior bad acts in *Ross* were introduced at trial to show *modus operandi* rather than knowledge. In some circumstances, similarity between criminal acts could be useful to show knowledge. *See, e.g.*, *Commonwealth v. Russell*, 938 A.2d 1082 (Pa. Super. 2007) (evidence of defendant's knowledge of use of accelerant based upon use in prior arson incident admissible). Additionally, knowledge can be used to demonstrate state of mind, as the Commonwealth attempts instantly. *See Commonwealth v. McCloskey*, 835 A.2d 801 (Pa. Super. 2003) (teenagers' testimony that they drank alcohol at defendant parent's home, in her presence, on regular basis, was admissible to demonstrate defendant had knowledge and acted recklessly in prosecution for involuntary manslaughter, which arose from deaths of three teenagers in automobile accident after they left party at defendant's home). However, in the instant matter, I take issue with the conclusion that the similarities between Sitler's prior conviction and the current incident provided him with specialized knowledge; as the trial court noted, "[e]ven without ever having been in an accident, most people generally know that reckless driving can kill others. . . . [Additionally, t]here are numerous ways in which an operator of a vehicle can drive recklessly." Trial Court Opinion, 4/30/14, at 11.

Assuming that evidence of Sitler's prior vehicular manslaughter conviction is admissible as an exception under Rule 404(b)(2), the majority glosses over the requirement that the trial court balance the probative value of the evidence with the potential prejudicial effect it would likely have on a jury. *See id.* at 98 ("In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact."). Here, the trial court performed its duty to weigh probative value versus prejudicial effect and determined that the prejudicial effect of the evidence would be greater. Our task is to evaluate the trial court's decision for an abuse of discretion, and we may not disturb the trial court's ruling merely because we would have ruled differently. *See Commonwealth v. Horvath*, 781 A.2d 1243, 1246 (Pa. Super. 2001) (quoting *Commonwealth v. Cohen*, 605 A.2d 1212, 1218 (Pa. 1992) ("[A] discretionary ruling cannot be overturned simply because a reviewing court disagrees with the trial court's conclusion.")).

Instantly, even if Sitler's prior vehicular manslaughter conviction shows some degree of particular knowledge regarding driving behavior, the trial court acted within its discretion in determining that the overriding effect of the evidence likely would be prejudicial. *See Horvath*, *supra* at 1247 (lower court did not abuse its discretion in refusing to permit Commonwealth to offer defendant's previous summary convictions as evidence to prove reckless endangerment where court "perceived a high risk that the jury would misconstrue the purpose for which the prior convictions were offered,

and a likelihood that the jury would accord undue weight to the defendant's prior conduct"). Indeed, the Commonwealth may not introduce evidence that would "strip [the defendant] of the presumption of innocence by proving that he has committed other criminal acts." **Ross**, **supra** at 98-99. Thus, in my view, we are not in a position to disturb the trial court's ruling regarding the introduction of Sitler's prior vehicular manslaughter conviction. **Horvath**, **supra**.

For the foregoing reasons, I would affirm the trial court's ruling as to Sitler's prior vehicular manslaughter conviction and would join the majority's decision as to Sitler's alcohol consumption and *crimen falsi* charges.

Judge Bowes, Judge Mundy and Judge Stabile join this Concurring and Dissenting Opinion.