J-A20019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DANTE HERRING | |
| Appellee | No. 1439 WDA 2015 |

Appeal from the Order entered September 15, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No: CP-11-CR-0001691-2014

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED OCTOBER 25, 2016**

In this interlocutory appeal,[1] the Commonwealth seeks reversal of the order entered on September 15, 2015 in the Court of Common Pleas of Cambria County, excluding evidence the Commonwealth sought to introduce in its prosecution of Appellee, Dante Herring, for criminal homicide, aggravated assault, and possession of a firearm by a felon.  18 Pa.C.S.A. §§ 2501, 2702(a)(1), and 6105(a)(1), respectively.  The trial court rejected

_____

[1] In accordance with Pa.R.A.P. 311(d), the Commonwealth certified in its notice of appeal that the "order will terminate or substantially handicap the prosecution."  Notice of Appeal, 9/17/15, at 1.  As correctly reflected in its brief, "[A] pre-trial motion *in limine* excluding evidence [is] immediately appealable by the Commonwealth."  Commonwealth Brief at 1 (quoting ***Commonwealth v. Noll***, 662 A.2d 1123, 1125 (Pa. Super. 1995)).

the Commonwealth's claims that the evidence in question was admissible under Pa.R.E. 404(b).[2]  Following review, we affirm.

The prosecution stems from the June 28, 2013 murder of Jamil Gray. The Commonwealth contends Appellee "shot the victim . . . multiple times with a 9 mm handgun, resulting in the victim's death."  Commonwealth Rule 404(b)(3) Notice, 7/20/15, at 1 (unnumbered).  In its notice, the Commonwealth acknowledged its intent to introduce certain evidence "for purpose of providing motive, opportunity, intent, preparation, plan

---

[2] Pa.R.E. 404(b) (Crimes, Wrongs or Other Acts) provides:

> *(1) Prohibited Uses*. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> *(3) Notice in a Criminal Case*. In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(1)-(3).

knowledge, identity, '*res gestae*'/'complete story' or absence of mistake[.]"

*Id.* As the Commonwealth explained:

> The Commonwealth intends to introduce evidence . . . that on August 3, 2011, [Appellee], Jamil Gray and a female by the name of Lashay Brown were arrested at the Holiday Inn in Johnstown, at which time drugs, money and a stolen weapon were recovered. There is evidence that at the time of the arrest [Appellee] was robbing Jamil Gray. All three received criminal charges. After the arrest, [Appellee] wanted Jamil Gray to take responsibility for the stolen weapon (on which was found [Appellee's] DNA). Mr. Gray began telling people that [Appellee] was a "snitch", as [Appellee] had provided a written statement implicating Jamil Gray. Jamil Gray was incarcerated for the arrest and was released shortly before his murder. As a result of the events on August 3, 2011, [Appellee] plead guilty to the drug charges and receiving stolen property for the gun on October 20, 2013.

*Id.* at 2 (unnumbered). Appellee filed a motion in opposition to the Commonwealth's notice claiming, *inter alia*, that there was no mention of Appellee being a "snitch" in the Commonwealth's recitation of the facts in the prosecution involving the August 2011 Holiday Inn incident. Motion in Opposition to Rule 404(b) Evidence, 8/3/15, at 1-2 (unnumbered) Further, the mention of statements and/or prior incidents would be misleading and highly prejudicial with potential for prejudice that could not be remedied by cautionary instructions. *Id.* at 2.

On August 31, 2015, the Commonwealth filed a second Rule 404(b) notice relating to an incident that occurred in early 2012, explaining:

> The Commonwealth intends to introduce evidence that the victim, Jamil Gray, along with other witnesses, were in a vehicle on SR 22 heading toward Pittsburgh when a vehicle driven by [Appellee] attempted to run Jamil Gray off the road. This was

done subsequent to Gray being involved in activities resulting in the arrest of Gray and [Appellee] at the Holiday Inn in Johnstown on August 3, 2011, as well as after Gray had been telling people that [Appellee] was a snitch.

Commonwealth Rule 404(b)(3) Notice, 8/31/15, at 2 (unnumbered).[3]  Again the Commonwealth asserted the information was "relevant for purposes of motive, intent, preparation, plan, absence of mistake and the 'res gestae'/ 'complete story' exceptions to permit the admission of a prior bad act."  *Id.* Appellee again filed a motion in opposition, contending the Commonwealth had not satisfied a prerequisite to admission of the evidence—*i.e.*, that the SR 22 incident was logically connected to the murder prosecution or to any other incident—and claiming that the Commonwealth had not proffered any witnesses to test the accuracy of the information so as to establish a connection.  Second Motion in Opposition to Rule 404(b) Evidence, 9/2/15, at 2 (unnumbered).  Appellee reasserted his contention that any mention of the statements or prior incidents would be highly prejudicial and misleading and would serve to confuse the issues for the jury's consideration.  Further, the prejudice would not be remedied by cautionary instructions.  *Id.* at 2-3 (unnumbered).

On August 26, 2015, the trial court held a hearing on various pre-trial motions, including the Commonwealth's first Rule 404(b) motion.  The court

_____

[3] Although the notice does not reflect the date of the SR incident, the Commonwealth represented that the "event . . . occurred in early 2012." N.T. Pretrial Motions, 9/4/15, at 5.

held a second hearing on September 4, 2015, during which the parties presented argument on the second Rule 404(b) motion. On September 15, 2015, the trial court issued an order disposing of the various motions, including both Rule 404(b) motions, which the trial court denied.

The Commonwealth filed this timely interlocutory appeal from the September 15, 2015 order, challenging only the denial of the Rule 404(b) motions. As noted above, the Commonwealth complied with Pa.R.A.P. 311(d) by certifying in its notice of appeal that the order would terminate or substantially handicap the prosecution. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth presents two issues for our consideration:

1. Whether the trial court erred when it excluded important prior bad act evidence of a criminal investigation where [Appellee] provided a written statement against decedent and was subsequently labeled a "snitch", as this evidence is needed by the Commonwealth to establish intent, motive and *res gestae*.

2. Whether the trial court erred when it excluded important prior bad act evidence of a vehicular assault against decedent, as this evidence is needed by the Commonwealth to establish intent, motive, and *res gestae*.

Commonwealth's Brief at 4.

We begin by setting forth our standard and scope of review. In **Commonwealth v. Minich**, 4 A.3d 1063 (Pa. Super. 2010), this Court explained:

When ruling on a trial court's decision to grant or deny a motion *in limine,* we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound

- 5 -

discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Id.* at 1068 (citations and internal quotations omitted). "Because the trial court indicated the reason for its decision[,] our scope of review is limited to an examination of the stated reason." *Commonwealth v. Horvath*, 781 A.2d 1243, 1246 (Pa. Super. 2011) (citation omitted).

The Commonwealth's first issue challenges the trial court's exclusion of evidence relating to the 2011 Holiday Inn incident. The trial court determined that the Holiday Inn incident would "merely show [Appellee's] bad character and propensity to commit crimes." Trial Court Order, 9/15/15, at 4. The trial court found that the events at the Holiday Inn on August 3, 2011 were "not sufficiently connected to the homicide that took place on June 28, 2013; the Holiday Inn evidence does not establish [or] tend to prove the homicide at issue; and we do not find that the probative value of the evidence outweighs its potential for prejudice." *Id.* Consequently, the trial court excluded evidence of the Holiday Inn incident from the Commonwealth's case in chief. *Id.* As noted above, admission of evidence is committed to the sound discretion of the trial court and we will not disturb its ruling absent manifest unreasonableness, partiality, bias or ill-will, or such a lack of support as to render the ruling clearly erroneous.

The trial court determined that evidence concerning the Holiday Inn incident "pos[ed] a risk of confusion and prejudice to the jury." Trial Court Rule 1925(a) Opinion, 10/23/15, at 1. The trial court explained:

> [T]he Holiday Inn incident . . . occurred nearly two years before the homicide being tried. The story is replete with crime scene details such as a third woman's arrest warrant, a stolen weapon, drugs, money, guilty pleas, jail sentences and a description that [Appellee] was a robber and a snitch. The decision was made after weighing factors of remoteness in time, insufficient connection to the homicide being tried, the unlikelihood that [Appellee] could form and maintain his "intent" and "motive" over a two-year period between the two incidents, and the highly prejudicial nature of the circumstances of [Appellee's] prior Holiday Inn arrest and the subsequent jail house and Route 22 events.

*Id.* at 1-2. As the trial court properly observed:

> It is a principle of long standing in this Commonwealth that evidence of a distinct crime, except under special circumstances, is inadmissible against a defendant who is being tried for another crime because the commission of one crime is not proof of the commission of another, and the effect of such evidence is to create prejudice against the defendant in the jury's mind.

*Id.* at 1 (quoting *Commonwealth v. Morris*, 425 A.2d 715, 720 (Pa. 1981)). Because there are no special circumstances here that would render the evidence admissible, we agree with the trial court that evidence of the Holiday Inn incident is too remote in time, lacks a sufficient connection to the 2013 homicide, and would be highly prejudicial to Appellee. Therefore, we shall not disturb the trial court's ruling. The Commonwealth's first issue fails.

In its second issue, the Commonwealth argues trial court error for excluding "prior bad act evidence" relating to an early 2012 State Route 22 "vehicular assault against decedent." Commonwealth's Brief at 4. The trial court summarized the evidence in question as follows:

> The Commonwealth seeks to introduce prior bad act evidence of an incident that allegedly occurred on Route 22 West, in early 2012, 18 months prior to the victim's homicide. A witness who was a passenger in the victim's car would testify that [Appellee], driving a separate vehicle, followed the victim's vehicle. The victim stopped on the highway, backing up to an exit ramp, and both vehicles stopped. [Appellee] exited his vehicle and told the victim to get out of the car to talk; however, the victim engaged his vehicle and left.

Trial Court Order, 9/15/15, at 4-5. As the trial court recognized, the Commonwealth argued the evidence would demonstrate, *inter alia*, motive, opportunity and intent, but especially *res gestae*, "show[ing] the Route 22 incident was logically and causally linked to the shooting." *Id.* at 5.

The trial court agreed with Appellee that the Commonwealth offered an "inconsistent motive theory in support of the admissibility of the Route 22 evidence." *Id.* Further, "[e]vidence of the encounter on Route 22 does not help to establish [Appellee's] motive for allegedly killing the victim 18 months later." *Id.* The trial court also agreed with Appellee that the *res gestae* exception could not be applied, especially in light of the trial court's exclusion of evidence regarding the August 2011 Holiday Inn incident. Further, the potential for prejudice outweighed the probative value. The trial court noted that "the inflammatory nature of the evidence carries the danger

that the jury might base its decision on an improper purpose, such as on [Appellee's] character, and the potential that the remote bad act evidence will unduly sway the jury is too high, even with a limiting instruction." Trial Court Rule 1925(a) Opinion, 10/23/15, at 3. Therefore, the trial court excluded evidence of the Route 22 incident from the Commonwealth's case in chief. Trial Court Order, 9/15/15/, at 5.[4]

We agree with the trial court's determination that the Route 22 incident was remote in time and fails to establish motive for a murder well over a year later. Further, we agree the potential for prejudice outweighed the probative value. Because the ruling does not reflect manifest unreasonableness, partiality, prejudice, bias or ill-will, or lack of support so as to be clearly erroneous, we shall not disturb it. The Commonwealth's second issue fails.

Order affirmed. Case remanded. Jurisdiction relinquished.

---

[4] In ordering the exclusion of both the Holiday Inn and Route 22 incidents from the Commonwealth's case in chief, the trial court explained that the court would further address the issue at sidebar in the event the evidence became relevant and admissible in the course of cross-examination or rebuttal. *Id.* at 3, 6.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/25/2016