J-S34004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARENDA LENAY DAVI | : | |
| | : | |
| Appellant | : | No. 2012 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 14, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0003705-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARENDA LENAY DAVI | : | |
| | : | |
| Appellant | : | No. 316 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 14, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001737-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:　　　　　　**FILED NOVEMBER 30, 2020**

Marenda Lenay Davi appeals from the judgments of sentence entered in the Dauphin County Court of Common Pleas following the revocation of her probation. Davi contends that the sentencing court abused its discretion by failing to consider her rehabilitative needs and ability to reform and by imposing a manifestly excessive sentence. We affirm.

In 2017, Davi was arrested for obtaining telecommunication and phone services through fraudulent means and without consent of the service providers. At docket number CP-22-CR-0003705-2017 ("the 2017 case"), Davi pled guilty to theft of services and identity theft. The trial court sentenced her to five years' probation.

While on probation, Davi was twice charged with new criminal activity. The Commonwealth ultimately declined to prosecute the first set of charges, which included charges for bad checks. Davi's probation continued, but she was required thereafter to wear an ankle monitor. Later, police again arrested Davi and charged her with forgery, identify theft, theft by unlawful taking, receiving stolen property, access device fraud, and bad checks. At docket number CP-22-CR-0001737-2019 ("the 2019 case"), Davi entered a guilty plea to all charges, and the court ordered a presentence report.

In the meantime, Dauphin County Probation Services filed a detainer alleging Davi's guilty plea violated her probationary sentence. Davi appeared before the court for a hearing. Ultimately, the court acceded to requests from the Commonwealth and the probation officer to revoke Davi's probation and sentenced her to a term of incarceration.

The court resentenced Davi in the 2017 case to 2 ½-5 years' incarceration. In the 2019 case, the court sentenced Davi to 1-2 years' incarceration, consecutive with the revocation sentence imposed in the 2017 case. As a result, Davi received an aggregate sentence of 3 ½-7 years'

incarceration. Davi filed a post-sentence motion to modify her sentence on both dockets. Shortly thereafter, she filed timely notices of appeal at each docket.[1] This appeal is now properly before us.[2]

In her only issue, Davi challenges the discretionary aspects of her sentences in both the 2017 and 2019 cases as well as the trial court's decision to impose these sentences consecutively. She claims that these sentences were not consistent with the protection of the public, the gravity of the underlying offenses or her rehabilitative needs. **See** Appellant's Brief, at 23. Davi also alleges that the aggregate sentence of 3 ½-7 years' imprisonment was unreasonable and manifestly excessive. **See id**., at 20.

_____

[1] In **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018), our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases." Our review of the record reveals that Davi filed separate notices of appeal at each docket and therefore has complied with **Walker**.

[2] The trial court entered the judgment of sentence on November 14, 2019 following the revocation of probation. Davi filed a timely post-sentence motion on November 21, 2019. Davi filed a notice of appeal on December 11, 2019. The trial court ruled on the post-sentence motion on December 18, 2019, after Davi filed her notice of appeal. Under Pa.R.Crim.P. 708(E), "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period." Accordingly, the notice of appeal was timely filed. However, the trial court's December 18, 2019 order is a legal nullity as the trial court was divested of jurisdiction as more than 30 days had elapsed after the judgment of sentence was imposed. The appeals were consolidated on February 27, 2020, upon Davi's application to consolidate.

The right to challenge the discretionary aspects of sentencing on appeal is not absolute. *See Commonwealth v. Bynum−Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016). An appellant must petition this Court for permission to appeal the discretionary aspects of her sentence. *See Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (citation omitted). Then, we must conduct a four part analysis to determine whether: (1) the appeal is timely; (2) the appellant preserved the issue; (3) the appellant's brief does not contain a fatal defect; and (4) the appellant raised a substantial question that the sentence is inappropriate under the Sentencing Code. *See Commonwealth v. Barnes*, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*).

Here, Davi properly preserved her claims by filing a post-sentence motion, referencing both dockets, and timely notices of appeal. Additionally, Davi's brief contains the required Pa.R.A.P. 2119(f) statement. Next, we must determine whether Davi's claim constitutes a substantial question.

This Court has held that "a substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotations and citation omitted). An appellant's contention that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and her

rehabilitative needs, presents a substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). Further, a substantial question also exists where an appellant alleges the sentencing court failed to sufficiently state its reasons for the sentence imposed. *See Commonwealth v. McNabb*, 819 A.2d 54, 56 (Pa. Super. 2003).

In her 2119(f) statement, Davi raises three challenges to the discretionary aspects of her sentence. We therefore proceed to analyze whether any of these challenges present substantial questions.

Davi's first and second challenge focus on the sentences imposed in her 2017 and 2019 cases. Specifically, she claims that the court abused its discretion by imposing sentences that focused solely on the nature of her criminal conduct. In doing so, she argues the trial court failed to consider all three of the sentencing factors required by 42 Pa.C.S.A. § 9721(b): (1) the protection of the public, (2) the gravity of the underlying offenses, and (3) the defendant's rehabilitative needs. *See* Appellant's Brief, at 18; *see also* 42 Pa.C.S.A. § 9721(b). Furthermore, Davi alleges the trial court failed to state its reasons for imposing either sentence. *See* Appellant's Brief, at 23.

Taken together, we find these challenges raise substantial questions. *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (stating that "an averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question"); *see also Commonwealth v. Coulverson*, 34 A.3d

135, 143 (Pa. Super. 2011) (recognizing that the trial court's failure to offer specific reasons for the sentence raises a substantial question).

Davi's third challenge focuses on the trial court's imposition of consecutive sentences. In particular, she claims her aggregate sentence was manifestly excessive given her limited criminal history. **See** Appellant's Brief, at 23-24.

Although a challenge to consecutive sentences ordinarily does not raise a substantial question, we have held that this issue must be examined on a case-by-case basis. **See Commonwealth v. Marts**, 889 A.2d 608, 612-613 (Pa. Super. 2005). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Moury**, 992 A.2d at 171-172. To determine whether the imposition of consecutive sentences presents a substantial question, we decide "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 599 (Pa. Super. 2010).

Here, we conclude that Davi has not established that her aggregate sentence of 3 ½-7 years' incarceration was so extreme and excessive in light of the criminal conduct at issue in this case as to create a substantial question.

However, even if this claim did present a substantial question, it would not merit relief. Therefore, we turn now to the merits of each challenge.

In her first challenge, Davi argues the trial court failed to consider the relevant sentencing factors set forth in 42 Pa.C.S.A. § 9721(b). Davi further contends the trial court failed to provide reasons on the record for its revocation sentence that comport with the considerations required by 42 Pa.C.S.A. § 9721(b).

Sentencing is within the sound discretion of the trial court, and a sentence will not be disturbed absent an abuse of that discretion. **See Commonwealth v. Jones**, 640 A.2d 914, 916 (Pa. Super. 1994). An abuse of discretion is not merely an error of judgment, but a misapplication of the law or an unreasonable exercise of judgment. **See Commonwealth v. Sitler**, 144 A.3d 156, 163 (Pa. Super. 2016) (*en banc*).

When imposing a sentence, the trial court must consider the factors set forth in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006). The trial court must also disclose on the record the reason or reasons for its sentence. **See** 42 Pa.C.S.A. § 9721(b). However, where the trial court had the benefit of reviewing a pre-sentence report, we must presume the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa.

1988) (stating that "it would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

At the sentencing hearing following Davi's revocation of probation, the trial court heard from Davi's counsel. Counsel for Davi argued against a sentence of total confinement given Davi's limited criminal history and her traumatic childhood. *See* N.T., Revocation and Sentencing Hearing, 11/14/19, at 6-7. Counsel also highlighted that Davi suffers from an unspecified mental health condition, which contributed to her criminal conduct. *See id*., at 7. Further, Counsel asserted that, if Davi were allowed to continue with her probationary sentence, Davi would be able to seek the necessary mental health treatment for her condition. *See id*.

Despite Counsel's arguments, the trial court imposed a sentence of incarceration. But the trial court specifically stated on the record that Davi was to be housed at a mental health focused state correctional institution where she could receive care for her mental health condition. *See id*., at 9. As such, it is apparent from the record that the trial court considered the protection of the public, the gravity of Davi's offense and her rehabilitative needs when imposing sentence.

Furthermore, even though the trial court did not disclose the above mentioned reasons for its sentence, the record shows that the court reviewed

the pre-sentence report before imposing a sentence of total confinement.[3] Thus, the trial court satisfied the requirement that reasons for imposing sentence be placed on the record by indicating it reviewed the pre-sentence report. *See Commonwealth v. Burns*, 765 A.2d 1144, 1151 (Pa. Super. 2000).

Therefore, based upon the foregoing, we conclude the record confirms the trial court properly considered the factors set forth in § 9721(b) and reviewed the pre-sentence report before imposing its sentence. As such, we discern no abuse of discretion.

Next, Davi claims, as she did previously, that the trial court failed to consider the facts and circumstances of the case or her rehabilitative needs as required by 42 Pa.C.S.A. § 9721(b) and imposed a sentence in the 2019 case without providing any reasons for the sentence.

Once again, it is clear that the trial court considered the facts and circumstances of the case and Davi's rehabilitative needs in the 2019 case. At the sentencing hearing, the trial court made its sentencing decision after hearing from the victims in the case who were Davi's elderly aunt and uncle. The trial court heard from the victims how Davi betrayed their trust and stole

_____

[3] "We'll make the pre-sentence [report] part of the record, as well as the sentencing memorandum." N.T., Revocation and Sentencing Hearing, 11/14/19, at 9.

their money. ***See*** N.T., Revocation and Sentencing Hearing, 11/14/19, 3-6. Furthermore, the trial court also had the benefit of reviewing yet another pre-sentence report before imposing a sentence in the 2019 case.[4] ***See Devers***, 546 A.2d at 18. Therefore, we cannot conclude that the trial court abused its discretion here.

In her final challenge, Davi contends that her consecutive sentences resulted in a manifestly excessive aggregate sentence of 3 ½-7 years' incarceration.

As noted above, the trial court imposed consecutive sentences following the revocation of Davi's probation. Despite describing her criminal history as minor, we note that Davi continued to commit fraudulent crimes while she was on probation for the convictions in the 2017 case. The trial court was entitled to consider this recidivism as more than minor criminal conduct. Further, the trial court was clearly concerned with providing Davi mental health treatment while eliminating the temptation to commit yet more crimes. As Davi has not presented any circumstance that indicates the trial court erred or imposed an unreasonable aggregate sentence, we cannot conclude that the trial court abused its discretion in imposing consecutive sentences. ***See Commonwealth v. Swope***, 123 A.3d 333, 341 (Pa. Super. 2015).

---

[4] "A county pre-sentence [report] was completed, and I had an opportunity to review that, as well as . . . a sentencing memorandum completed by [counsel]." N.T., Revocation and Sentencing Hearing, 11/14/19, at 3.

Additionally, we conclude that Davi's aggregate post-revocation sentence of 3 ½-7 years' incarceration is not manifestly excessive in light of Davi's criminal conduct and the failure of rehabilitation through the previous sentence of probation. Therefore, Davi's final challenge merits no relief.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2020