**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKAL HAYNES | : | |
| | : | |
| Appellant | : | No. 348 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006125-2021

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

DISSENTING MEMORANDUM BY BECK, J.: **FILED: June 4, 2025**

As the United States Supreme Court has observed:

> The terms "wholly frivolous" and "without merit" are often used interchangeably in the ***Anders***, brief context. Whatever term is used to describe the conclusion an attorney must reach as to the appeal before requesting to withdraw and the court must reach before granting the request, what is required is a determination that the appeal lacks any basis in law or fact.

***McCoy v. Wisconsin***, 486 U.S. 429, 438 n.10 (1988). While courts and litigants have used the terms "wholly frivolous," "without merit," or "lacks arguable merit" synonymously over the last several decades in the ***Anders*** context, our Supreme Court has repeatedly made clear that "***Anders*** rests on the distinction between complete frivolity and the absence of merit, and that only the former supports counsel's request to withdraw and a court's order granting the request." ***Commonwealth v. Santiago***, 978 A.2d 349, 358 (Pa.

2009). Because I cannot conclude that Haynes' appeal in this case is wholly frivolous, I respectfully dissent.

The learned Majority ably details the requirements of *Anders* and *Santiago* and I therefore do not repeat them here. *See* Majority Memorandum at 5-6. The Majority then addresses the two issues Haynes' counsel raised that might arguably support an appeal. *See id.* at 6-17. First, Haynes argues that the trial court abused its discretion in admitting evidence that he sexually abused other female minors in a manner similar to the victims in this case under the common plan or scheme exception to Pennsylvania Rule of Evidence 404(b)(1), which prohibits evidence of prior bad acts. *See Anders* Brief at 18-23. Haynes asserts that the evidence was highly prejudicial and that the prejudice outweighed any probative value the evidence provided. *See id.* Second, Haynes presented a challenge to the discretionary aspects of his sentence—namely, that the trial court imposed an excessive sentence. *See id.* at 14-17.

After review, the Majority concludes that both issues are frivolous. *See* Majority Memorandum at 16-17. Commendably, after conducting its own thorough review of the record, the Majority also finds that Haynes' counsel failed to raise an issue in the *Anders* brief—that the no-contact condition of Haynes' state sentence was illegal, as it is only the Department of Corrections and the Pennsylvania Board of Probation and Parole who possess the authority to impose such a condition on a state sentence. *See id.* at 17-18.

I agree with the learned Majority's conclusion that Haynes' discretionary aspects of sentencing claim is frivolous, as a bald claim that a sentence is excessive fails to raise a substantial question for our review. *See Commonwealth v. Andrews*, 213 A.3d 1004, 1017 (Pa. Super. 2019) ("a generic claim that a sentence is excessive does not raise a substantial question for our review"). I likewise agree with the Majority that the no-contact provision of Haynes' sentence was illegal. I part ways, however, from the Majority's conclusion that Haynes' Rule 404(b) claim is frivolous.

Rule 404(b) provides, in pertinent part:

(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2). "Under Pennsylvania law, evidence of prior bad acts is admissible to prove a common scheme, plan or design where the crimes are so related that proof of one tends to prove the others." *Commonwealth v. Ross*, 57 A.3d 85, 103 (Pa. Super. 2012) (en banc).

The record reflects that Haynes preserved his objection to the admission of the prior bad acts evidence below both in terms of it satisfying the common plan or scheme exception under Rule 404(b) and the unfairly prejudicial nature of the evidence. *See* Defendant's Objection to the Commonwealth's

Motion in Limine to Present Evidence of Other Crimes, Wrongs, or Acts, 5/3/2022, ¶¶ 8-15. He further differentiated the cases relied upon by the Commonwealth for the admissibility of the evidence under Rule 404(b), contending that the evidence at issue here differed significantly in terms of quality and similarities. *Id.* ¶¶ 6-11. Indeed, Rule 404(b) has long presented challenges for courts in this Commonwealth, as the admissibility of evidence under Rule 404(b) is typically a fact-intensive inquiry—particularly for prior bad acts evidence admitted as proof of a common plan or scheme—that frequently raises questions over which reasonable minds can differ.

An excellent example of the various conflicting interpretations Rule 404(b) can create is reflected in the majority and various minority opinions from our Supreme Court's decision in *Commonwealth v. Hicks*, 156 A.3d 1114 (Pa. 2017). In the dissenting opinion authored by Justice Wecht, he emphasized that "Rule 404 is challenging, and the consequences of its erroneous application are significant. Basic human nature and rational thought tend to default toward the very logic that the rule prohibits." *Id.* at 1157 (Wecht, J., dissenting). Justice Wecht further opined that "Rule 404's exceptions are both numerous and broad" and "[t]his creates the obvious danger that the exceptions will devour the rule. If courts do not adhere scrupulously to the terms and purposes of the rule, this danger becomes reality." *Id.* at 1158 (Wecht, J., dissenting).

This Court has likewise expended great effort grappling with Rule 404(b) claims. In **Commonwealth v. Sitler**, 144 A.3d 156 (Pa. Super. 2016) (en banc), for example, this Court recognized the need to pay thoughtful and vigilant attention to Rule 404(b) claims explaining, "[t]here is inherent prejudice any time a prior bad act … is introduced against a criminal defendant. That is why we have been, and should be, very cautious in our evaluation of these claims[.]" **Id.** at 165.

In this case, as the Majority correctly recognizes, the trial court itself acknowledged the prejudicial nature of the prior bad acts evidence the Commonwealth introduced against Haynes—so much so that it offered the jury a limiting instruction regarding the purpose of the evidence. **See** Majority Memorandum at 9-10 (quoting N.T., 5/5/2022, at 99-100). Given the way courts of this Commonwealth have struggled to resolve Rule 404(b) claims, and the unanimous view of the prejudicial nature of the prior bad acts evidence in this case, I conclude that the Rule 404(b) issue Haynes seeks to raise is not frivolous, as his claim does not lack any basis in law or fact. **See McCoy**, 486 U.S. at 438 n.10; **Santiago**, 978 A.2d at 358.

Tellingly, counsel for Haynes does not contend that this issue is frivolous; she instead concludes that "[t]his claim has **no merit**." **Anders** Brief at 23 (emphasis added). Although it may very well be true that Haynes' Rule 404(b) claim lacks merit, such a notion is immaterial in the **Anders** context. This Court has explained "the often overlooked, or perhaps

misunderstood, distinction between an appeal that lacks merit and one that is wholly frivolous[,]" as a "subtle, yet essential distinction[.]" ***Commonwealth v. Edwards***, 906 A.2d 1225, 1231 (Pa. Super. 2006).

> It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. ***Anders*** appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.

***Id.*** (quoting ***Commonwealth v. Greer***, 314 A.2d 513, 514 (Pa. 1974)).

Additionally, we have further explained,

> Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears that unless a position is without question defeated by existing caselaw, an appointed counsel should advance the best argument he/she is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit. It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

***Commonwealth v. Kearns***, 896 A.2d 640, 647 (Pa. Super. 2006); ***see also Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa. Super. 2018) (en banc) (reemphasizing that the standard for permitting for allowing appointed counsel to withdraw under ***Anders*** is a determination that the appeal is wholly frivolous).

Given the nature of the claim and the highly prejudicial nature of the prior bad acts evidence in this case, I conclude that Haynes had a legal and factual basis for raising the issue. ***See McCoy***, 486 U.S. at 438 n.10;

***Santiago***, 978 A.2d at 358.  Thus, I conclude that Haynes' appeal was not wholly frivolous and that he is entitled to an advocate's brief on the Rule 404(b) issue.  I would therefore deny Haynes' counsel's petition to withdraw and order the filing of an advocate's brief.  Accordingly, I respectfully dissent.